UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMW WOMEN'S SURGICAL CENTER,
P.S.C. and ERNEST MARSHALL, M.D.,                                    Plaintiffs,

v.                                                                   Civil Action No. 3:19-cv-178-DJH

ANDREW G. BESHEAR, in his official
capacity as Attorney General of the
Commonwealth of Kentucky, et al.,                                    Defendants.

\* \* \* \* \*

**TEMPORARY RESTRAINING ORDER**

Plaintiffs EMW Women's Surgical Center, P.S.C. and Ernest Marshall, M.D. have moved for entry of a temporary restraining order prohibiting enforcement of Senate Bill 9, which was signed into law on March 15, 2019, *see* https://apps.legislature.ky.gov/record/19rs/sb9.html, and House Bill 5, which was passed by the Kentucky General Assembly on March 14, 2019, but has not yet been signed into law by the governor.[1]  *See* https://apps.legislature.ky.gov/record/19rs/hb5.html.  For the reasons explained below, the Court will grant Plaintiffs' motion in part.

Pursuant to Federal Rule of Civil Procedure 65, a court may grant a temporary restraining order without notice to the adverse party if

(A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] Each bill was passed on an emergency basis so that it would become effective upon approval by the governor.

1

Fed. R. Civ. P. 65(b). In determining whether to grant a temporary restraining order, the Court considers the same four factors applicable to a motion for preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest." *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)); *see Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Having reviewed Plaintiffs' motion and supporting materials, and being otherwise sufficiently advised, the Court makes the following findings:

(1)  Plaintiffs have shown a strong likelihood of success on the merits of their Fourteenth Amendment Due Process challenge to Senate Bill 9. "The fundamental right to privacy contained in the Due Process Clause of the Fourteenth Amendment includes the right to choose to have an abortion, subject to certain limitations." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006) (citing *Roe v. Wade*, 410 U.S. 113, 153 (1973); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 869 (1992)). The Supreme Court has stated in no uncertain terms that "[r]egardless of whether exceptions are made for particular circumstances, a State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability." *Casey*, 505 U.S. at 879.

(2)  Plaintiffs have laid out specific facts in their Verified Amended Complaint (D.N. 5) showing that the rights of their patients would be immediately and irreparably harmed absent a temporary restraining order from this Court. As set forth in the Verified Amended Complaint,

enforcement of Senate Bill 9 would effectively ban the vast majority of abortions in the Commonwealth of Kentucky. (D.N. 5, PageID # 79)

(3) The balance of hardships also favors Plaintiffs because a temporary restraining order will preserve the status quo and allow the Court to more thoroughly assess the merits of the case. Although Senate Bill 9 states that "an emergency is declared to exist," little explanation accompanies this declaration. https://apps.legislature.ky.gov/recorddocuments/bill/19RS/sb9/bill.pdf. Accordingly, the Court finds that the reasonable period of delay resulting from this Temporary Restraining Order is necessary to permit meaningful review, with minimal impact to others.

(4) The entry of a temporary restraining order is in the public interest because preventing enforcement of a potentially unconstitutional state law benefits the citizens of the Commonwealth. *See ACLU Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 649 (6th Cir. 2015).

(5) Plaintiffs served a copy of their motion on the Kentucky Attorney General, General and Deputy General Counsel to Governor Matt Bevin, General Counsel for the Kentucky Cabinet for Health and Family Services, the Executive Director of the Kentucky Board of Medical Licensure, and the Commonwealth's Attorney for the 30th Circuit of Kentucky, via electronic mail.[2]

(6) This Temporary Restraining Order is being entered without notice to Defendants to preserve the status quo and prevent irreparable harm until such time as the Court may hold a hearing.

---

[2] Defendant Adam Meier, Secretary of the Kentucky Cabinet for Health and Family Services, has filed a brief response in opposition to Plaintiffs' motion. (D.N. 12)

(7) In light of the apparent strength of Plaintiffs' case with respect to the recently enacted Senate Bill 9 and the strong public interest involved in the issues raised, the Court concludes that requiring security pursuant to Federal Rule of Civil Procedure 65(c) is not appropriate in this case. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (recognizing district court's discretion as to whether to require posting of security).

In accordance with the above findings, it is hereby

**ORDERED** as follows:

(1) Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction (D.N. 6) is **GRANTED** in part.

(2) Defendants Andrew G. Beshear, Adam Meier, Michael S. Rodman, and Thomas B. Wine, and all those acting in concert with them, are **TEMPORARILY ENJOINED** from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with Senate Bill 9, to be codified at Ky. Rev. Stat. §§ 311.710 to 311.830 and in amendments to Ky. Rev. Stat. §§ 213.101, 311.595, and 311.990.

(3) The requirement of security under Federal Rule of Civil Procedure 65(c) is **WAIVED** due to the strong public interest involved.

(4) This Temporary Restraining Order is effective as of **7:40 p.m. on March 15, 2019**, and will expire **fourteen (14) days** from its entry in accordance with Federal Rule of Civil Procedure 65(b)(2) unless extended by subsequent order.