IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| EMW WOMEN'S SURGICAL CENTER, P.S.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW G. BESHEAR, *et al.*, <br><br> Defendants. | Case No.: 3:19-cv-00178-DJH <br><br> **STIPULATION AND ORDER OF DISMISSAL UPON CONDITIONS OF ANDREW G. BESHEAR** |

Plaintiffs EMW Women's Surgical Center, P.S.C. and Ernest W. Marshall, M.D., and Defendant Andrew G. Beshear, hereby enter into the following stipulations and agreements concerning the disposition of the above-captioned matter, which the Court hereby Orders:

1. Defendant Beshear hereby stipulates to service of process upon him.

2. Pursuant to Fed. R. Civ. P. 41(a)(2) Defendant Beshear is hereby dismissed without prejudice.

3. Conditions of Dismissal:

    a. The dismissal of Defendant Beshear without prejudice is conditioned upon, and subject to the agreement of, Defendant Beshear and all personnel employed by or associated with the Office of the Attorney General of the Commonwealth of Kentucky to not bring any future enforcement, investigation, indictment, or other actions with respect to Plaintiffs arising from HB 5 (2019) or SB 9 (2019) or the facts alleged in Plaintiffs' Complaint until this Court enters a final judgment in the matter disposing of all of the claims, and the exhaustion of any and all appeals that may arise in this action.

      b. The conditions set forth in paragraph 3(a) are subject to this Court's powers of contempt and this Court retains jurisdiction to enforce the conditions herein.

      c. Defendant Beshear, in his official capacity as Attorney General of the Commonwealth of Kentucky, agrees to be bound by any final judgment in this action concerning the constitutionality of HB 5 (2019) or SB 9 (2019), subject to any modification, reversal or vacation of the judgment on appeal; however, nothing in this Order prevents the Office of the Attorney General of the Commonwealth of Kentucky from investigating or taking action on any other complaint, which does not arise from or is not related to HB 5 (2019) or SB 9 (2019) or the facts alleged in Plaintiffs' Complaint.

      d. In light of the current procedural posture of this action and the dismissal without prejudice, neither Plaintiffs nor Defendant Beshear are "prevailing parties" under 42 U.S.C. § 1988, and therefore neither are responsible for attorney's fees or costs with respect to each other. This provision is not an adjudication of any later claim or petition under 42 U.S.C. § 1988 should Defendant Beshear later be added as a party.

    4. Nothing in this Order shall be deemed to affect or adjudicate the pending claims against the remaining Defendants.

IT IS SO ORDERED.

March 27, 2019

**David J. Hale, Judge**
**United States District Court**

Have seen and agreed:

s/Amy D. Cubbage
Amy D. Cubbage
Ackerson & Yann, PLLC
734 West Main Street, Suite 200
Louisville, Kentucky 40202
(502) 583-7400
acubbage@ackersonlegal.com

Heather L. Gatnarek
ACLU of Kentucky
315 Guthrie Street, Suite 300
Louisville, KY  40202
(502) 581-9746
heather@aclu-ky.org

Brigitte Amiri*
Jennifer Dalven*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York  10004
(212) 549-2633
bamiri@aclu.org
jdalven@aclu.org

Leah Godesky*
O'Melveny & Myers
7 Times Square
New York, NY 10036
(212) 326-2000
lgodesky@omm.com

s/La Tasha Buckner with permission
La Tasha Buckner
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky  40601
(502) 696-5300
latasha.buckner@ky.gov

*Counsel for Defendant Andrew G. Beshear*

3

Kendall Turner*
O'Melveny & Myers
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com

*pro hac vice motions filed*

*Counsel for Plaintiffs*