## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| EMW WOMEN'S SURGICAL CENTER, P.S.C., *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 3:19-cv-00178-DJH |
| ERIC FRIEDLANDER, et al. | |
| Defendant. | **PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF PROCEDURE 41(a)(2)** |
| v. | |
| DANIEL CAMERON, in his official capacity as Attorney General of the Commonwealth of Kentucky, | |
| Defendant-Intervenor. | |

## I.     INTRODUCTION[1]

Plaintiffs EMW Women's Surgical Center, P.S.C. ("EMW") and Dr. Ernest W. Marshall M.D., on behalf of themselves and their patients ("Plaintiffs"), ask this Court to dismiss this action without prejudice due to the impact of the U.S. Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 2022 WL 2276808 (U.S. June 24, 2022) ("*JWHO*"), on Plaintiffs' claims. Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The decision whether to grant voluntary dismissal without prejudice lies within this Court's discretion, but such dismissal is generally granted unless defendant would suffer "plain legal prejudice" as a result.  *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  No such prejudice exists here.

As set forth below, Defendants will not be prejudiced by dismissal without prejudice given that this case is only in the initial preliminary injunction stage; there has been no discovery, no argument, no evidentiary hearing or trial; Plaintiffs have diligently prosecuted this action; the Supreme Court's reversal of *Roe v. Wade*, 410 U.S. 113 (1973), upon which Plaintiffs' claims are grounded, provides a proper explanation for Plaintiffs' desire to dismiss; and no dispositive motions are pending.  Accordingly, Plaintiffs respectfully request that the Court enter an order dismissing their complaint without prejudice.

## II.    BACKGROUND

Plaintiffs filed this action on March 14, 2019 seeking declaratory and injunctive relief against H.B. 5 ("the Reason Ban"), which criminalizes providing abortion care to women who seek it for particular reasons.  H.B. 5 §§ 1(2); 3(4).  The next day, Plaintiffs amended their complaint,

---

[1] Unless otherwise noted, internal quotation marks and citations are omitted and emphasis is added.

adding a challenge to a second newly passed law, Senate Bill 9 ("the 6-Week Ban"), which makes it a crime for a doctor to provide an abortion starting at approximately six weeks into pregnancy. S.B. 9 §§ 4(1), 6(1).

On the same day they amended their complaint, Plaintiffs moved for injunctive relief because both bans prohibit an individual from making the ultimate decision whether to terminate a pregnancy before viability, in contravention of decades of binding precedent, including *Roe*. *See* ECF No. 6. The Court entered temporary restraining orders as to both Bans, finding that Plaintiffs demonstrated a likelihood of success on the merits of their claims that each was unconstitutional. *See* ECF Nos. 14, 21.

The parties stipulated to dismissal of all the defendants except Defendant Adam Meier. *See* ECF Nos. 16, 29–31. Defendant Meier answered Plaintiffs' amended complaint on April 15, 2019. ECF No. 34. On June 3, 2019, Plaintiffs filed a motion for summary judgment. ECF No. 36. After the parties completed briefing on that motion, *see* ECF No. 46, the Court administratively remanded Plaintiffs' summary-judgment motion pending the Sixth Circuit's resolution of *Preterm Cleveland v. Himes*, No. 18-3329 (6th Cir.), *see* ECF No. 59.

On January 31, 2020, Attorney General Daniel Cameron moved to intervene on behalf of the Commonwealth. *See* ECF No. 53. On November 30, the Court granted that motion over Plaintiffs' objection and ordered that Cameron's answer to Plaintiffs' complaint be entered in the docket. *See* ECF Nos. 53, 61.

On November 19, 2021, Plaintiffs filed a motion to stay proceedings pending the resolution of multiple appeals, including *JWHO*. *See* ECF No. 68. On February 4, 2022, the Attorney General moved to dissolve the TRO entered against the Reason Ban. ECF No. 72. On March 16, 2022, Magistrate Judge Edwards granted Plaintiffs' motion to stay its claims challenging the 6-Week Ban pending the Supreme Court's resolution of *JWHO*, but denied Plaintiffs' motion to stay proceedings

2

relating to the Reason Ban.  *Id*.  Plaintiffs moved to withdraw their summary-judgment motion on

April 8, 2022.  *See* ECF No. 80.  That motion was granted on May 31, 2022.  *See* ECF No. 91.

Plaintiffs opposed the Attorney General's motion to dissolve the TRO on April 15, 2022, ECF No.

83, and the Attorney General filed a reply on April 22, 2022, ECF No. 87.  There has been no

further activity in this Court on the 6-Week or Reason Ban since that time.

## III.    ARGUMENT

At this stage of litigation, Plaintiffs may voluntarily dismiss this action "by court order."

Fed. R. Civ. P. 41(a)(2).  The dismissal is without prejudice unless this Court states otherwise.

*Id*.  Whether to grant a motion to dismiss without prejudice is within the Court's informed

discretion.  *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).

Although Rule 41(a)(2) is primarily intended to protect defendants, "courts should consider the

equities of dismissal as applied to all parties."  *Cogent Sols. Grp., LLC v. Brown*, 2013 WL

6116052, at *5 (S.D. Ohio Nov. 20, 2013).  "The decision to allow a voluntary dismissal is

improper only where a defendant would suffer 'plain legal prejudice' as a result of the dismissal

without prejudice."  *Chaskin Wells Corp. v. Reily Foods Co.*, 2005 WL 1899390, at *1 (E.D.

Tenn. Aug. 9, 2005).  The "mere prospect" of a second lawsuit is insufficient to establish "plain

legal prejudice."  *Green Ballast, Inc. v. Bethell*, 2014 WL 12959742, at *3 (W.D. Tenn. Aug. 26,

2014); *Wakefield v. Children's Hosp., Inc.*, 2009 WL 588021, at *2 (S.D. Ohio Mar. 6, 2009)

("[C]ourts have consistently held that 'plain legal prejudice' does not result merely from the

prospect of a second lawsuit on identical issues.").

In determining whether "plain legal prejudice" exists, the Sixth Circuit has instructed that

the Court should consider four factors: (1) "the defendant's effort and expense of preparation for

trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the

action"; (3) whether plaintiffs have offered an "insufficient explanation for the need to take a

dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (quoting *Grover*, 33 F.3d at 718); *see also Cogent*, 2013 WL 6116052, at *5; *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007). But "[t]here is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate"; "[t]he *Grover* factors are not an exclusive or mandatory list." *Rosenthal*, 217 F. App'x at 502. Rather, "[t]he factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Id*.; *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017).

### A. The *Grover* Factors Favor Plaintiffs

#### i. Defendants Have Not Incurred Significant Effort and Expense

The first *Grover* factor favors Plaintiffs because Defendants have not incurred the effort and expense of preparation for trial, *see Grover*, 33 F.3d at 718, or even discovery. Courts routinely grant dismissal without prejudice where, as here, a case has only progressed to the injunctive-relief stage and there has been little or no discovery. *See, e.g.*, *Pence v. TMNO Healthcare, LLC*, 2013 WL 5550862, at *4 (W.D. Tenn. Oct. 8, 2013) (no plain legal prejudice where "[d]efendants only answered the complaint …, no dispositive motions have been filed, and the parties have yet to engage in any discovery"); *Green Ballast*, 2014 WL 12959742, at *4 (granting motion to dismiss without prejudice where "[n]o significant discovery has been conducted" and explaining that "effort and expense devoted to the preliminary injunction … alone would not be sufficient to find legal prejudice"); *Nuovo v. Whitacre*, 2010 WL 3825376, at *2 (S.D. Ohio Sept. 28, 2010) (finding defendants' argument that dismissal "would be prejudicial because of the time, effort, and expenses they have invested" not dispositive where plaintiff had filed a motion for temporary restraining order and preliminary injunction); *Pharmacia & Upjohn Co. v. Generation Health*, 1998 WL 993658, at *3 (W.D. Mich. May 18, 1998) (dismissing claims without prejudice even though parties

4

"devoted substantial effort and expense to the litigation of this case to date, due in large part to [plaintiff's] vigorous pursuit of a preliminary injunction early in the action"); *D.M. Rottermond Inc. v. Shiklanian*, 2021 WL 5070402, at *3 (E.D. Mich. Oct. 15, 2021) (dismissal without prejudice proper where "'parties have not expended much additional effort or expense in preparation for trial' beyond the preliminary injunction and order to show cause'").

Although the Court and parties have expended some time on Plaintiffs' motion for injunctive relief, the Court has not yet scheduled an initial Rule 16 conference, there has been no written discovery, and neither party has a pending dispositive motion. *See supra* pp. 1-3. Dismissal would therefore conserve, not waste, this Court and defendants' time and effort.

### ii. Plaintiffs Diligently Prosecuted This Lawsuit

Plaintiffs have efficiently and diligently prosecuted their claims and have not delayed in filing this motion, seeking to dismiss the same day the Supreme Court issued its decision in *JWHO*. Indeed, courts have declined to find a lack of diligence in far different circumstances, such as where the plaintiff submitted late filings and expert designations, cancelled depositions at the last minute, moved to continue court-ordered deadlines, and declined to produce documents in response to discovery requests. *Green Ballast*, 2014 WL 12959742, at *5; *see also Nuovo*, 2010 WL 3825376, at *3 (rejecting argument that plaintiff was not diligent simply because "Plaintiff could have sought dismissal earlier than he did, and Plaintiff has often requested additional time in these proceedings"). Here, there has been no discovery, Plaintiffs have met every court deadline and consistently moved the case forward over the last three years, and Plaintiffs requested a stay of this action pending the *JWHO* decision in order to *preserve* court and party resources. *See supra* p. 1.

### iii. Dismissal Is Proper in Light of *JWHO*

Plaintiffs have two, independent good-faith reasons for requesting dismissal of their Verified Amended Complaint.

*First*, the Supreme Court's decision in *JWHO* constitutes a sea change in federal constitutional law applicable to this case.  Courts regularly find dismissal proper when a change of law occurs.  *See, e.g.*, *Logue v. Nissan N. Am., Inc.*, 2008 WL 2987184, at *6 (W.D. Tenn. July 30, 2008) (granting dismissal without prejudice after Tennessee Supreme Court decision adversely affected plaintiff's ability to pursue class certification); *Magraw v. Donovan*, 177 F. Supp. 803, 806 (D. Minn. 1959) (dismissing plaintiffs' claims without prejudice due to "substantial change in circumstances brought about by" new legislation); *Exigence LLC v. Catlin Underwriting Agency US, Inc.*, 2013 WL 655109, at *1 (E.D. Ark. Feb. 21, 2013) (granting dismissal without prejudice where Arkansas Supreme Court decision rendered action moot and plaintiff sought to preserve right to refile action); *Abraham v. N.Y. Dep't of Educ.*, 2011 WL 890749, at *2 (E.D.N.Y. Mar. 11, 2011) (granting plaintiff's motion for dismissal without prejudice based on "relatively recent change" in "evolving area of law").

*Second*, as a result of the *JWHO* decision, Plaintiffs intend to proceed in Kentucky state court with state constitutional claims that would have been unnecessary prior to *JWHO*.  Voluntary dismissal to litigate in a more appropriate forum is a sufficient explanation justifying dismissal without prejudice.  *See, e.g.*, *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D.W. Va. 2003) (granting dismissal without prejudice and explaining that "in cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court, and typically, courts should not impose conditions of dismissal that limit a plaintiff's ability to assert state law claims in state courts"); *Theiss v. Educ. Res. Consultants of Ohio, Inc.*, 2011 WL 1097641, at *2 (N.D. Ohio Mar. 22, 2011) (finding that "allowing plaintiffs to pursue state law claims in state court will not amount to 'plain legal prejudice'" because there was no discovery and "[e]ven if the Court dismissed plaintiff's [federal] claim with prejudice, the Court is not required to accept supplemental jurisdiction over any remaining state law claims"); *Johnson v.*

6

*Lucas*, 2006 WL 3488942, at *4 (E.D. Ky. Dec. 1, 2006) (holding that defendants would not suffer plain legal prejudice by dismissal of state law claims in federal action without prejudice).  That is because a plaintiff's "desire to litigate her claims in the state forum is of obvious annoyance to the Defendants, but an annoyance to Defendants is not a legal basis for proving 'plain legal prejudice.'" *Wakefield v. Children's Hosp., Inc.*, 2009 WL 588021, at *2 (S.D. Ohio Mar. 6, 2009).

Dismissal works no unfairness on the Commonwealth.  The Sixth Circuit has instructed that "when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."  *Grover*, 33 F.3d at 718.  But "*Grover* does not stand for the proposition that any dismissal sought due to a change in law should be granted only with prejudice."  *Logue*, 2008 WL 2987184, at *5.  Rather, dismissal with prejudice because the law clearly dictates a result for the defendant in a particular case applies "where defendant has filed a dispositive motion; the court has not yet ruled; and, the plaintiff preemptively moves for voluntary dismissal without prejudice."  *Gooden v. City of Brunswick*, 2014 WL 2834605, at *4, n.2 (N.D. Ohio June 23, 2014).

That is not the case here.  No dispositive motion is pending, and although the Supreme Court's decision in *JWHO* is dispositive of Plaintiffs' privacy federal claims, the state-law claims are not foreclosed.  *Grover*, on the other hand, is limited to situations where both federal and state-law claims have been foreclosed.  *See Logue*, 2008 WL 2987184, at *5 (*Grover* involved a "situation where the district court certified questions of law which were dispositive of the case to the Ohio court and then effectively disregarded the Ohio court's answer"); *Rosenthal*, 217 F. App'x at 501 (affirming dismissal without prejudice because "in contrast to the situation in *Grover*, [the district court] had not been presented with a 'determinative definitive decision of state law'"); *see also Waldman v. Pitcher*, 2011 WL 4337046, at *3 (S.D. Ohio June 21, 2011) (finding that Grover did not apply where case was not "extensively litigated by the Defendant for many years");

7

*Ferron v. Search Cactus, L.L.C.*, 2008 WL 11451428, at *2 (S.D. Ohio June 10, 2008) (dismissing plaintiff's claims without prejudice even where plaintiff sought to dismiss only after court signaled adverse decision was coming).

The inquiry into the reason for a requested dismissal is not, moreover, especially exacting. Even where "[p]arties seeking dismissal without prejudice" do not "give an exact or detailed reasoning for their actions," courts find dismissal without prejudice appropriate "so long as there is some logical justification." *Pence*, 2013 WL 5550862, at *5. For example, in *Vosburgh*, the plaintiff moved to dismiss its claims without prejudice or alternatively remand its claims to state court. 217 F.R.D. at 386. The court granted the plaintiff's motion, noting that courts should "freely … allow voluntary dismissals unless the parties will be unfairly prejudiced." *Id*. The court found that three of the *Grover* factors clearly weighed in favor of dismissal because the defendants did not expend considerable effort and expense in preparing the matter for trial, as the case was "still in the early stages of litigation"; there was no excessive delay or lack of diligence by the plaintiff; and there were no pending motions for summary judgment. *Id.* at 387. As to the plaintiff's reason for dismissal, the court reasoned that "although Plaintiff's explanation of the need for a dismissal is tenuous, the explanation, when considered with the other factors, is sufficient so as to warrant dismissal of this action." *Id*.

Far from "tenuous," *id.*, Plaintiffs' multiple, reasonable explanations are a proper basis for seeking dismissal, and the Court should find that this factor weighs in favor of Plaintiffs.

### iv.  No Party Has A Pending Dispositive Motion

As explained above, there are no dispositive motions pending before this Court. Accordingly, this factor weighs in favor of dismissal. *See, e.g.*, *Cogent*, 2013 WL 6116052, at *5; *Pence*, 2013 WL 5550862, at *5.

## IV.     CONCLUSION

Dismissal of Plaintiffs' amended complaint without prejudice is appropriate in light of the

Supreme Court's decision in *JWHO* and Plaintiffs' plans to pursue state law claims in state court.

No discovery has occurred in this case, and there are no pending dispositive motions.  Defendants

have not been required to expend any effort and expense on any discovery, let alone preparing for

trial.  Plaintiffs have diligently prosecuted this lawsuit, and Defendants will not be prejudiced by the

dismissal.  For these reasons, Plaintiffs respectfully move this Court to dismiss their complaint

without prejudice.


Dated:  June 24, 2022                                    Respectfully submitted,

                                                         */s/ Brigitte Amiri*
                                                         Brigitte Amiri*
                                                         Rachel Reeves*
                                                         Jennifer Dalven*
                                                         American Civil Liberties Union Foundation
                                                         125 Broad Street, 18th Floor
                                                         New York, New York 10004
                                                         (212) 549-2633
                                                         bamiri@aclu.org
                                                         rreeves@aclu.org
                                                         jdalven@aclu.org

                                                         Heather L. Gatnarek
                                                         ACLU of Kentucky Foundation
                                                         325 West Main Street, Suite 2210
                                                         Louisville, Kentucky 40202
                                                         (502) 581-9746
                                                         heather@aclu-ky.org

                                                         Michele Henry
                                                         Craig Henry PLC
                                                         401 West Main Street, Suite 1900
                                                         Louisville, Kentucky 40202
                                                         (502) 614-5962

mhenry@craighenrylaw.com

Leah Godesky*
O'Melveny & Myers
7 Times Square
New York, New York 10036
(212) 326-2000
lgodesky@omm.com

Kendall Turner*
O'Melveny & Myers LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5300
kendallturner@omm.com

*pro hac vice motions granted

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed with the Court using the CM/ECF system on June 24, 2022, which will generate an electronic notice of filing to all counsel registered with that service.

/s/ Brigitte Amiri

Brigitte Amiri